In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-18-00148-CR**
**NO. 09-18-00149-CR**
**NO. 09-18-00150-CR**

_____

**JOHN HENRY GUILLORY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 75th District Court**
**Liberty County, Texas**
**Trial Cause Nos. CR32780, CR32781, CR32782**

**MEMORANDUM OPINION**

John Henry Guillory appeals from a jury's verdict finding him guilty of three

crimes: possession with the intent to deliver a controlled substance, cocaine;[1]

---

[1] In Trial Court Cause Number CR32780, the jury found Guillory guilty of possessing 1-4 grams of a controlled substance—cocaine, with the requisite intent to "deliver as charged in the indictment." Cocaine is a penalty group one substance. *See* Tex. Health & Safety Code Ann. § 481.102(3)(D) (Supp.). Possessing 1-4 grams

1

possession of a controlled substance, methamphetamine;[2] and tampering with evidence, cocaine.[3] The trial court sentenced Guillory to five years in prison for each conviction.

Guillory's attorney filed *Anders* briefs in his appeals associated with his convictions for possessing cocaine and meth.[4] In the appeal of Guillory's tampering with evidence case, however, Guillory's attorney filed a merits brief. In it, Guillory's attorney argues the State failed to meet its burden to prove Guillory tampered with cocaine. For the following reasons, we affirm the three judgments Guillory appealed.

---

of a penalty group one substance while intending to deliver it is punished as a second-degree felony. *Id*. § 481.112(c).

[2] In Trial Court Cause Number CR32781, the jury found Guillory guilty of possessing 1-4 grams of methamphetamine. Methamphetamine is a penalty group one substance. *See* Tex. Health & Safety Code Ann. § 481.102(6) (Supp.). Possessing 1-4 grams of a penalty group one substance is punished as a third-degree felony. *Id*. § 481.115(c).

[3] In Trial Court Cause Number CR32782, the jury found Guillory guilty of tampering with evidence. *See* Tex. Penal Code Ann. § 37.09(a)(1). The crime of altering, destroying, or concealing physical evidence, which Guillory's indictment alleges consisted of a controlled substance, is punishable as a third-degree felony. *Id*. § 37.09(c).

[4] *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978).

2

Background

In January 2016, officers with the Liberty County Sheriff's Office SWAT team, executing a duly authorized warrant, searched Guillory's home. After the police entered the home, they found four people there—two in the living room, one in the kitchen, and the last, Guillory, in his bedroom.

The police found controlled substances in several rooms of Guillory's home. Because the merits brief Guillory filed challenges his conviction for tampering with evidence, we focus our discussion on that crime. When the police located Guillory, they detained him. The officer in charge of the search noticed that Guillory had a "white residue in his cuticles and all over his hands." Lab tests on a swab taken of the substance on Guillory's hands, when tested later by the Department of Public Safety's Crime Lab, revealed that Guillory had cocaine on his hands.

Inside the home's bathroom, which the evidence showed could be accessed only through Guillory's bedroom, the police found a plastic baggie in the toilet's bowl. They also found crack cocaine on the floor near the toilet and on top of the toilet's bowl, just behind the toilet's seat. The officer in charge of the search also noticed a white substance smeared on the toilet's handle. According to the officer, a field test performed on the handle indicated the substance was a narcotic.

In September 2016, a Liberty County grand jury indicted Guillory for altering, destroying or concealing cocaine and for the other two crimes at issue in his other appeals. At the conclusion of the guilt-innocence phase of the trial, the jury found Guillory guilty of possessing with the intent to deliver between one and four grams of cocaine, possessing between one and four grams of methamphetamine, and tampering with evidence, cocaine. Guillory waived the right to have a jury assess his punishment. At the conclusion of the punishment-phase of the trial, the trial court sentenced Guillory to a five-year sentence on each of his convictions, and the court ordered the sentences to run concurrently.

## Analysis

### *Anders Appeals*

Guillory's attorney submitted separate briefs in his three appeals. In Trial Court Cause Numbers CR37280 and CR32781, the attorney submitted *Anders* briefs.[5] In these cases, the judgments the trial court signed relate to Guillory's convictions for possession with intent to deliver cocaine and possession of meth. The briefs assert no arguable grounds are available to support a merits brief being filed in these two appeals.

---

[5] *See Anders*, 386 U.S. 738; *High*, 573 S.W.2d 807.

After counsel filed *Anders* briefs, we gave Guillory an extension to allow him to file a pro se response. Guillory filed responses, arguing that he received ineffective assistance of counsel in his trial and that the evidence does not support the jury's verdict finding him guilty of these crimes.

When addressing an *Anders* brief and pro se response, a court of appeals may determine only (1) that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error, or (2) that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues.[6] After reviewing the appellate record, we find no arguable issues exist supporting Guillory's appeals in Trial Court Cause Numbers CR32780 and CR32781. Therefore, Guillory's appeals from these two judgments are frivolous, and it us unnecessary to appoint counsel to re-brief either appeal.[7]

*Tampering with Evidence*

Guillory's attorney filed a merits brief in Guillory's appeal from his conviction for tampering with evidence. In the brief, Guillory's attorney argues the

---

[6] *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

[7] *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (requiring court appointment of other counsel only if it is determined that arguable grounds exist to support the appeal).

evidence is insufficient to support the jury's verdict. His arguments focus on whether the evidence allowed the jury to conclude that Guillory altered, destroyed, or concealed cocaine.

Briefly, we address the standard of review that applies to our review of the evidence supporting Guillory's conviction. In reviewing insufficiency of evidence arguments, we review the evidence the jury heard in the light most favorable to the jury's verdict.[8] In our review, we determine if the evidence the jury considered allowed the jury to find the defendant guilty based on a standard of beyond reasonable doubt.[9] This standard "recognizes the trier of fact's role as the sole judge of the weight and credibility of the evidence after drawing reasonable inferences from the evidence."[10] Stated another way, our role is to determine "whether the necessary inferences made by the trier of fact are reasonable, based upon the cumulative force of all of the evidence."[11]

---

[8] *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Brooks v. State*, 323 S.W.3d 893, 902 (Tex. Crim. App. 2010).

[9] *Id.*

[10] *Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011).

[11] *Id.*; *see also Merritt v. State*, 368 S.W.3d 516, 526 (Tex. Crim. App. 2012).

In our review, we presume the jury resolved any conflicts in the evidence in favor of the verdict if the jury could have reasonably resolved the conflicts that way.[12] We must defer to the jury's right, as the factfinder, to decide what evidence is (or is not) credible.[13] The jury is also given wide latitude to decide what weight to give the evidence admitted during the trial.[14] In other words, we do not sit as a thirteenth juror and substitute our view of the evidence for the one adopted by the jury.[15] When evaluating the evidence admitted in the trial, a jury may choose to weigh circumstantial evidence the same way it weighs direct evidence in deciding the defendant's guilt.[16] If the conviction relies largely on circumstantial evidence, which is the situation here, the standard of review does not require that each fact point directly and independently to the defendant's guilt.[17] Instead, we determine

---

[12] *Brooks*, 323 S.W.3d at 922; *see also Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

[13] *See Brooks*, 323 S.W.3d at 899.

[14] *Id.*

[15] *Id.*

[16] *Jenkins v. State,* 493 S.W.3d 583, 599 (Tex. Crim. App. 2016).

[17] *See Temple v. State*, 390 S.W.3d 341, 359 (Tex. Crim. App. 2013).

whether the jury's conclusion is warranted by the combined and cumulative force of the incriminating circumstances.[18]

The indictment alleges that Guillory, while knowing an investigation was pending or in progress, intentionally or knowingly altered, destroyed, or concealed cocaine with the intent to impair its verity[19] or availability as evidence. A person can be found guilty of tampering with physical evidence like cocaine if the evidence admitted at trial established the person, (1) knowing that an investigation or official proceeding is pending or in progress, (2) altered, destroyed, or concealed any record, document, or thing, (3) with intent to impair its verity, legibility, or availability as evidence in the investigation or proceeding.[20]

No statutory definitions are in the Penal Code for the terms *alter*, *destroy*, or *conceal*. But with respect to the term *destroy*, the Court of Criminal Appeals has used the definition "ruined and rendered useless" when evaluating the evidence in a case that arose from the same statute at issue here.[21] But that Court has not yet

---

[18] *Id.*

[19] Webster's defines *verity* as "the quality or state of being true or real[.]" WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2543 (2002).

[20] Tex. Penal Code Ann. § 37.09(a)(1); *Williams v. State*, 270 S.W.3d 140, 142 (Tex. Crim. App. 2008).

[21] *See Williams*, 270 S.W.3d at 146.

8

defined the terms *alter* or *conceal*.[22] When the Legislature has not defined terms used in a statute, we give the words their common, ordinary meaning.[23] To do so, we look to commonly used dictionaries since they contain definitions that explain how words are commonly used.[24]

Webster's Dictionary defines the term *alter* to mean "to become different in some particular characteristic . . . without changing into something else[.]"[25] It defines *conceal* to mean "to prevent disclosure or recognition of : avoid revelation of . . ." or "to place out of sight."[26]

The evidence in the trial shows that the police searched Guillory's home after learning from a confidential informant that Guillory was selling drugs there. When the police searched Guillory's home, they found Guillory alone in his room and with

---

[22] Tex. Penal Code. Ann. § 37.09.

[23] *See* Tex. Gov't Code Ann. § 312.002; *Williams*, 270 S.W.3d at 146.

[24] *See* Tex. Gov't Code Ann. § 311.011(a) (providing that words and phrases used in statutes, unless defined by the Legislature, "shall be read in context and construed according to the rules of grammar and common usage"); *Chambers v. State*, 580 S.W.3d 149, 157 n.36 (Tex. Crim. App. 2019) (relying on Webster's Third New International Dictionary to construe the Penal Code).

[25] WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 63 (2002).

[26] *Id*. 469.

controlled substances—cocaine and methamphetamine—there. Guillory had residue from cocaine on his hands.

When police searched the bathroom, they found crack cocaine on the floor and on the toilet. The testimony shows the bathroom is accessible solely through Guillory's bedroom. A small plastic baggie, similar to the ones on Guillory's dresser, was in the toilet's bowl. According to the deputy in charge of the search, who testified he had experience in conducting narcotics investigations, the presence of the plastic bag in the toilet bowl indicated to him that someone had flushed narcotics down the toilet. The same deputy testified that the ripped plastic baggies found in Guillory's room indicated that someone was either packaging or destroying a controlled substance.

The circumstances show that Guillory controlled the house and lived in the bedroom where most of the drugs and drug paraphernalia were found. When viewed in the light most favorable to the verdict, the jury could reasonably conclude the crack cocaine, found in and around the toilet, and the baggie in the toilet, indicated that Guillory used the toilet to dispose of some of the cocaine in the house before the police reached Guillory's bedroom. We hold the record contains enough evidence to support the jury's conclusion finding Guillory altered, destroyed, or concealed

10

cocaine with the intent to prevent it from being available for use in the investigation associated with the search. Guillory's sole issue is overruled.

## Conclusion

We affirm Guillory's convictions in Trial Court Cause Numbers CR32780 and CR32781.[27] And, for the reasons explained above, his conviction in Trial Court Cause Number CR32782 is also

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on June 24, 2019
Opinion Delivered January 15, 2020
Do Not Publish

Before Kreger, Horton and Johnson, JJ.

---

[27] Guillory may challenge our decision in these cases by filing a petition for discretionary review. *See* Tex. R. App. P. 68.